**Gerardo RIOS ORTIZ; Maria del
Carmen Mejia-de Rios,
Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**No. 04–74327.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Gerardo Rios Ortiz, Las Vegas, NV, pro se.

Maria Del Carmen Mejia–De Rios, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Gerardo Rios Ortiz and his wife, Maria del Carmen Mejia-de Rios, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition for review.

Rios Ortiz contends that he was eligible for cancellation of removal. The immigration judge found that Rios Ortiz failed to show that his removal would result in exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B)(i) deprives us of jurisdiction to review this discretionary determination, and so we dismiss the petition for review in part. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003).

Rios Ortiz also contends that the Board's summary decision denied him due process. We deny in part the petition for review because this contention is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–53 (9th Cir.2003).

Mejia-de Rios contends that the immigration judge erred in concluding that she failed to satisfy the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A), and the Board denied her due process in refusing to accept her

untimely brief in which she would have developed this issue.

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

Mejia-de Rios testified that immigration officials detained her at her workplace and took her to Mexico. She signed documents in Spanish acknowledging her right to a hearing before an immigration judge. Counsel argued that Mejia-de Rios did not understand the documents and was not given a choice about signing them, but she did not testify as to these points.

The record shows that Mejia-de Rios knowingly and voluntarily accepted administrative voluntary departure in lieu of deportation proceedings. *See id.* We therefore deny the petition for review as to Mejia-de Rios.

**PETITION FOR REVIEW DISMISSED IN PART and DENIED IN PART.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.